**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| **Jose Tejeda**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**Boston Market Corporation** d/b/a Boston Market, **Boston Chicken of AZ LLC** d/b/a Boston Market, **John Doe Corporations I-XX** d/b/a Boston Market, **Krupa Patel and Jane Doe Patel**, a married couple, and **Jignesh Pandya and Jane Doe Pandya**, a married couple,<br><br>Defendants. | No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Jose Tejeda ("Plaintiff" or "Jose Tejeda"), individually, and on behalf of all other individuals similarly situated, sues the Defendants, Boston Market Corporation, Boston Chicken of AZ LLC, John Doe Corporations I-XX, Krupa Patel and Jane Doe Patel, and Jignesh Pandya and Jane Doe Pandya, (collectively, Defendants are referred to as "Defendants" or "Boston Market") and alleges as follows:

1

2

**PRELIMINARY STATEMENT**

3

  1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29

4

U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated

5

6

employees all earned minimum and overtime wages.

7

  2.  This lawsuit also arises under Arizona Minimum Wage Act ("AMWA")

8

Arizona Revised Statutes ("ARS") § 23-363 for Defendants' failure to pay Plaintiff and

9

other similarly-situated employees all earned minimum wages.

10

11

  3.  This lawsuit also arises under the Arizona Wage Act ("AWA") for

12

Defendants' failure to pay Plaintiff and other similarly-situated employees all earned

13

wages.

14

  4.  Plaintiff brings this action on behalf of himself and all similarly-situated

15

16

current and former employees of Defendants who worked in any of Defendants' Boston

17

Market restaurant locations in Arizona who did not receive at least the minimum wage,

18

did not receive any paycheck at all, or received late payment of a paycheck in a given

19

workweek, from May 2023 through the present.

20

21

  5.  Plaintiff, individually, and on behalf of all others similarly-situated, brings

22

this action against Defendants for their unlawful failure to pay minimum wage and

23

overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the

24

"FLSA").

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

6.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage due and owing to Plaintiff and others similarly-situated in violation of ARS § 23-363.

7.      Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay wages due and owing to Plaintiff and others similarly-situated in violation of ARS § 23-350, et seq.

8.      Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to him individually and on behalf of all other similarly-situated Employees, current and former, of Defendants.  Putative Members of the Collective Action who work or worked as Employees in any of Defendants' Boston Market restaurant locations in Arizona, who did not receive at least the minimum wage, did not receive any paycheck at all, or received late payment of a paycheck in a given workweek, starting May 2023 through the present are referred to as the "Collective Members."

9.      Defendants' failure to compensate Plaintiff and all similarly-situated employees at a rate equal to Arizona's required minimum wage violates ARS § 23-363. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Arizona wage laws. Members of the Rule 23 Class Action who work or worked as Employees in any of Defendants' Boston Market restaurant locations in Arizona, who did not receive at least the minimum wage, did not receive any paycheck at all, or received late payment of a

paycheck in a given workweek, starting May 2023 through the present are referred to as the "Class Members."

10.    Defendants own and operate a chain of Boston Market restaurants in the Phoenix, Arizona Metropolitan Area which are the subject of this lawsuit.

11.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

12.    Under the FLSA, employers must pay all non-exempt employees a minimum wage for all time spent working for them.

13.    Under the FLSA, employers must pay all non-exempt employees one and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.

14.    Under the AMWA, employers must pay all non-exempt employees a minimum wage for all time spent working for them.

15.    Under the AWA, employers must pay all wages due and owing to their employees at their regular rate in a given workweek.

16.    Under the FLSA, the workweek as a whole is the standard for determining whether the employer has violated the statute.  29 C.F.R. § 776.4.  Accordingly, the

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

FLSA's minimum wage provisions are violated if the employer fails to pay on payday. "The reality is that, under the FLSA, payment of minimum wages is late if not made on payday." *Mayweathers v. Iconic Results, LLC*, 2020 WL 8181700, at *2 (D. Ariz. Nov. 10, 2020), *citing Biggs v. Wilson*, 1 F.3d 1537, 1543 (9th Cir. 1993).

17. Defendants engaged in the regular practice of paying paychecks otherwise owed to Plaintiff, the Collective Members, and the Class Members late or not at all.

18. Indeed, on information and belief, since approximately May 2023, Defendants have failed to pay any of their employees in any of their Arizona Boston Market restaurant locations any wages whatsoever for time worked in a given workweek.

19. Such a practice violates both the FLSA and AMWA's minimum wage provisions.

20. Such a practice violates the FLSA's overtime provisions for Plaintiff and the Collective Members who were non-exempt and worked in excess of 40 hours in a given workweek without receiving an overtime premium for such time worked.

21. As a result of the aforementioned allegations, Defendants failed to pay Plaintiff and the Collective Members the application federal minimum wage and overtime, in violation of the FLSA, 29 U.S.C. § 201, et seq.

22. As a result of the aforementioned allegations, Defendants failed to pay Plaintiff and the Class Members the applicable Arizona minimum wage, in violation of the AMWA, A.R.S. § 23-363, et seq.

23.     As a result of the aforementioned allegations, Defendants failed to pay Plaintiff and the Class Members their regular rates of pay, in violation of the AMWA, A.R.S. § 23-363, et seq.

## **JURISDICTION AND VENUE**

24.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Arizona law that are so related to Plaintiff's claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

26.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Tipped Collective Members, the Tipped Class Members, the Non-Tipped Hourly Collective Members, and the Non-Tipped Hourly Class Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

27.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

28.     Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

29.     Plaintiff was employed by Defendants and worked many of Defendants' Boston Market locations in Arizona at various times between 1997 until approximately June 30, 2023.  At all times relevant to this lawsuit, Plaintiff worked as an assistant manager for Defendants, earning an hourly rate of approximately $20.

30.     Plaintiff serves in the capacity of a representative Plaintiff on behalf of the Collective Members and the Class Members for the time he spent working for Defendants.

31.     Plaintiff has given his written consent to be Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), see Signed Consent Forms, attached as "**Exhibit A.**"

32.     At all material times, Plaintiff, in his work for Defendants as an assistant manager, worked approximately between 50 and 60 hours per week.

33.     At all material times, Plaintiff and the Collective Members were employees of Defendants as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

34.     At all material times, Plaintiff and the Class Members were employees of Defendants as defined in ARS § 23-362(A).

35.     At all material times, Defendant Boston Market Corporation was a corporation duly licensed to transact business in the State of Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

36.     Defendant Boston Market Corporation does business, has offices, and maintains agents for the transaction of its customary business in Maricopa County, Arizona.

37.     At all material times, Defendant Boston Market Corporation is Plaintiff's and the Collective Members' "employer," as defined by the FLSA, 29 U.S.C. § 203(d).

38.     At all material times, Defendant Boston Market Corporation is Plaintiff's and the Class Members' "employer," as defined by the AMWA, ARS § 23-362(A).

39.     Under the FLSA, Defendant Boston Market Corporation is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Boston Market Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  Having acted in the interest of Boston Market in relation to the company's employees, including Plaintiff, the Collective Members, and the Class Members, Defendant Boston Market Corporation is subject to liability under the FLSA.

40.     On information and belief, Defendant Boston Chicken of AZ LLC is an Arizona limited liability company doing business as Boston Market.

41.     On information and belief, at all material times, Defendant Boston Chicken of AZ LLC was a limited liability company duly licensed to transact business in the State of Arizona.

-8-

42.     On information and belief, Defendant Boston Chicken of AZ LLC does business, has offices, and maintains agents for the transaction of its customary business in Maricopa County, Arizona.

43.     On information and belief, at all material times, Defendant Boston Chicken of AZ LLC is Plaintiff's and the Collective Members' "employer," as defined by the FLSA, 29 U.S.C. § 203(d).

44.     On information and belief, at all material times, Defendant Boston Chicken of AZ LLC is Plaintiff's and the Class Members' "employer," as defined by the AMWA, ARS § 23-362(A).

45.     On information and belief, under the FLSA, Defendant Boston Chicken of AZ LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, on information and belief, Defendant Boston Chicken of AZ LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  On information and belief, having acted in the interest of Boston Market in relation to the company's employees, including Plaintiff, the Collective Members, and the Class Members, Defendant Boston Chicken of AZ LLC is subject to liability under the FLSA.

46.     Upon information and belief, Defendant(s) John Doe Corporations I-XX are and/or were, at all times relevant herein, individuals, groups, partnerships, and/or

other entities which: (1) may have been owned or operated by or in conjunction with any of the Defendants as a "Boston Market" restaurant location in Arizona; (2) may have hired individuals, including Plaintiff, the Collective Members, or the Class Members as employees of any of the named Defendants; (3) may have been involved in Plaintiff's, the Collective Members', or the Class Members' damages; and/or (4) are otherwise proper parties to this lawsuit. The identities of Defendant(s) John Doe Corporations I-XX remain unknown despite Plaintiff's' due diligence.

47.     At all relevant times, Defendant(s) John Doe Corporations I-XX were employers under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant(s) John Doe Corporations I-XX had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant(s) John Doe Corporations I-XX is subject to liability under the FLSA.

48.     Upon information and belief, Defendant(s) John Doe Corporations I-XX do business as "Boston Market" and have restaurant locations in Arizona.

49.     Defendant Krupa Patel and Jane Doe Patel are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Krupa Patel and Jane Doe

1  Patel are owners of the Boston Market and were at all relevant times Plaintiff's, the

2  Collective Members', and the Class Members' employer as defined by the FLSA, 29

3  U.S.C. § 203(d).

4
5       50.     Under the FLSA, Defendants Krupa Patel and Jane Doe Patel are

6  employers.  The FLSA defines "employer" as any individual who acts directly or

7  indirectly in the interest of an employer in relation to an employee.  Defendants Krupa

8  Patel and Jane Doe Patel are owners of Boston Market.  At all relevant times, they had

9  the authority to hire and fire employees, supervised and controlled work schedules or the

10  conditions of employment, determined the rate and method of payment, and maintained

11  employment records in connection with Plaintiff's, the Collective Members', and the

12  Class Members' employment with Defendants.  As persons who acted in the interest of

13  Defendants in relation to Boston Market's employees, Krupa Patel and Jane Doe Patel are

14  subject to individual liability under the FLSA and the AMWA.

15
16       51.     At all material times, Defendants Krupa Patel and Jane Doe Patel are

17  Plaintiff's and the Collective Members' "employer," as defined by the FLSA, 29 U.S.C. §

18  203(d).

19
20       52.     At all material times, Defendant Krupa Patel and Jane Doe Patel are

21  Plaintiff's and the Class Members' "employer," as defined by the AMWA, ARS § 23-

22  362(A).

23
24       53.     Plaintiff is further informed, believe, and therefore allege that each of the

25  Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as

26  alleged in this Complaint.

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

54.     Defendants, and each of them, are sued in both their individual and corporate capacities.

55.     Defendants' Arizona Boston Market restaurants all share common human resources management.

56.     Defendants' Arizona Boston Market restaurants all share a common employee handbook and training materials.

57.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

58.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a chain of restaurants in Maricopa County, Arizona.

59.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff, the Collective Members, and the Class Members, and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers of Plaintiff, the Collective Members, and the Class Members under the FLSA.

60.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the chain of restaurants that comprise the business offerings of Boston Market.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

61.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

62.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff, the Collective Members, and the Class Members.

63.     At all relevant times, Plaintiff, the Collective Members, and the Class Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

64.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

65.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

66.     At all relevant times, Defendants were and continue to be "employers" as defined by AMWA, ARS § 23-362(B).

67.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's, the Collective Members', and the Class Members' work and wages at all relevant times.

68.     At all relevant times, Plaintiff, the Collective Members, and the Class Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

69.     At all relevant times, Plaintiff, the Collective Members, and the Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

70.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

71.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in interstate commerce.

72.     Plaintiff and the Collective Members, in their work for Defendant, regularly handled goods produced or transported in interstate commerce.

## **STATEMENT OF FACTS**

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     Since approximately May 2023, Defendants have engaged in the regular practice of paying paychecks otherwise owed to Plaintiff, the Collective Members, and the Class Members late or not at all.

75.     Indeed, on information and belief, since approximately May 2023, Defendants have failed to pay any of their employees in any of their Arizona Boston Market restaurant locations any wages whatsoever for time worked in a given workweek.

76.     Such a practice has resulted in Defendants having failed to pay any wages whatsoever to Plaintiff, the Collective Members, or the Class Members for work performed over the course of between approximately two and four biweekly pay periods.

77.     On information and belief, Defendants have temporarily closed most or all their Arizona Boston Market restaurant locations, apparently at least partially as a result of their failure to pay their employees as described herein.

78.     Such a practice violates both the FLSA and AMWA's minimum wage provisions for Plaintiff, the Collective Members, and the Class Members who performed work for Defendants in a given workweek and did not receive any wages whatsoever or did not receive sufficient wages to bring their effective wage rate to at or above the applicable federal or state minimum wage.

79.     Such a practice violates the FLSA's overtime provisions for Plaintiff and the Collective Members who were non-exempt and worked in excess of 40 hours in a given workweek without receiving an overtime premium for such time worked.

80.     As a result of the aforementioned allegations, Defendants failed to pay Plaintiff and the Collective Members the application federal minimum wage and overtime, in violation of the FLSA, 29 U.S.C. § 201, et seq.

81.     As a result of the aforementioned allegations, Defendants failed to pay Plaintiff and the Class Members the applicable Arizona minimum wage, in violation of the AMWA, A.R.S. § 23-363, et seq.

82.     As a result of the aforementioned allegations, Defendants failed to pay Plaintiff and the Class Members their regular rates of pay, in violation of the AMWA, A.R.S. § 23-363, et seq.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## FLSA COLLECTIVE ACTION ALLEGATIONS

83. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

85. Plaintiff asserts those claims on behalf of themselves, and on behalf of all similarly situated Employees employed by Defendants at any time three years before the filing of this Complaint through the present.

86. Plaintiff seeks to notify the following class of employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time for Defendants in any of Defendants' Boston Market restaurant locations in Arizona and who did not receive at least the applicable minimum wage and/or overtime premium as a result of not receiving at least one paycheck on time or at all in a given workweek, beginning May 2023 through the present.**

87. Upon information and belief, Defendants have employed more than 100 employees to whom the class description applies during the period relevant to this action.

88. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

89. Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of

1    this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of

2    collectively adjudicating their FLSA claims.

3        90.    Collective adjudication is appropriate in this case because the employees

4    whom Plaintiff wishes to notify of this action have been employed in positions similar to

5    Plaintiff; have performed work similar to Plaintiff; and have been subject to

6    compensation practices similar to those to which Plaintiff have been subjected.

8                        **ARIZONA CLASS ACTION ALLEGATIONS**

9        91.    Plaintiff realleges and incorporates by reference all allegations in all

10   preceding paragraphs.

12       92.    Plaintiff brings his Arizona wage claims as a Rule 23 class action on behalf

13   of the following class:

> **All individuals who worked at any time for Defendants in any of Defendants' Boston Market restaurant locations in Arizona and who did not receive at least the applicable minimum wage and/or wages due and owing as a result of not receiving at least one paycheck on time or at all in a given workweek, beginning May 2023 through the present.**

19       93.    <u>Numerosity</u>.  The number of Class Action Members is believed to be over

20   one hundred.  This volume makes bringing the claims of each individual Class Action

21   Member before this Court impracticable.  Likewise, joining each individual Class Action

22   Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the

23   Class Action Members will be determined from Defendants' records, as will the

24

25   compensation paid to each of them.  As such, a class action is a reasonable and practical

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1    means of resolving these claims.  To require individual actions would prejudice the Class

2    Action Members and Defendants.

3        94.    Typicality.  Plaintiff's claims are typical of both subclasses of Class Action

4    Members because like the Class Action Members, Plaintiff was subject to Defendants'

5    uniform policies and practices and were compensated in the same manner as the other

6    Class Action Members.  Defendants failed to pay Plaintiff and the Class Action Members

7    on time or at all during the time period relevant to this action.  As a result, Defendants

8    failed to pay Plaintiff and the Class Action Members minimum wage and/or other wages

9    for hours worked.

10

11       95.    As a result of such policies and practices by Defendants, Defendants

12

13   violated the minimum wage and wage provisions of ARS §§ 23-363 and 23-350.

14       96.    Adequacy.  Plaintiff is a representative party who will fairly and adequately

15   protect the interests of the Class Action Members because it is in their interest to

16   effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and

17   penalties required under Arizona law.  Plaintiff has retained attorneys who are competent

18   in both class actions and wage and hour litigation.  Plaintiff does not have any interest

19   that may be contrary to or in conflict with the claims of the Class Action Members they

20

21   seek to represent.

22

23       97.    Commonality. Common issues of fact and law predominate over any

24   individual questions in this matter.  The common issues of fact include, but are not

25   limited to:

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

     a.     Whether Defendants paid Plaintiff and the Class Action Members their paychecks late or at all;

     b.     Whether Defendants failed to pay Plaintiff and the Class Action Members the minimum wage for all hours worked; and

     c.     Whether Defendants subjected Plaintiff and the Class Action Members to the wage violations of which they complain.

98. Common issues of law include, but are not limited to:

     a.     Whether Defendants properly paid all minimum wages due and owing to Plaintiff and the Class Action Members;

     b.     Whether Plaintiff and the Class Action Members are entitled to compensatory damages;

     c.     The proper measure of damages sustained by Plaintiff and the Class Action Members; and

99.     <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Action Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

100.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  The identities of the Class Action Members are readily identifiable from Defendants' records.

101.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; (3) the burden is on each Defendant to accurately record hours worked by employees; and (4) the burden is on each Defendant to prove it properly imposed the tip credit upon its employees.

102.    Ultimately, a class action is a superior forum to resolve the Arizona state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Class Action Members according to applicable Arizona laws.

103.    <u>Nature of Notice to be Proposed</u>.  As to the Rule 23 Class Action Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency and resolution of the action can be provided to the Class Action Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## COUNT ONE: FLSA COLLECTIVE MEMBERS – MINIMUM WAGE UNPAID OR UNTIMELY PAYCHECKS

104.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.    Defendants engaged in the regular practice of paying paychecks otherwise owed to Plaintiff and the Collective Members late or not at all.

106.    On information and belief, since approximately May 2023, Defendants have failed to pay any of their employees in any of their Arizona Boston Market restaurant locations any wages whatsoever for time worked in a given workweek.

107.    As a result of such failure, Defendants failed or refused to pay the FLSA-mandated minimum wage.

108.    Such failure by Defendants violated the FLSA, 29 U.S.C. § 206.

109.    Defendant's practice of failing or refusing to pay Plaintiff and the Collective Members at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

110.    Plaintiff and the Collective Members are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jose Tejeda, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest,

1   reasonable attorneys' fees, costs, and disbursements of this action, and any additional

2   relief this Court deems just and proper.

3   **COUNT TWO: FLSA COLLECTIVE MEMBERS – OVERTIME**
4   **UNPAID OR UNTIMELY PAYCHECKS**

5       111.    Plaintiff realleges and incorporates by reference all allegations in all

6   preceding paragraphs.

7       112.    Defendants engaged in the regular practice of paying paychecks otherwise
8
9   owed to Plaintiff and the Collective Members late or not at all.

10      113.    On information and belief, since approximately May 2023, Defendants

11  have failed to pay any of their employees in any of their Arizona Boston Market
12
13  restaurant locations any wages whatsoever for time worked in a given workweek.

14      114.    As a result of such failure, Defendants failed or refused to pay the FLSA-

15  mandated overtime wage rate to Plaintiff and the Collective Members who worked in
16
17  excess of 40 hours in a given workweek.

18      115.    Such a practice violates the FLSA's overtime provisions for Plaintiff and

19  the Collective Members who were non-exempt and worked in excess of 40 hours in a

20  given workweek without receiving an overtime premium for such time worked.

21      116.    Defendant's practice of failing or refusing to pay Plaintiff and the
22
23  Collective Members who worked in excess of 40 hours in a given workweek at the

24  required overtime rate violated the FLSA, 29 U.S.C. § 207(a).

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

117.    Plaintiff and the Collective Members are therefore entitled to compensation for the full applicable overtime wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jose Tejeda, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff and the Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: AMWA CLASS MEMBERS – MINIMUM WAGE UNPAID OR UNTIMELY PAYCHECKS

118.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

119.    Defendants engaged in the regular practice of paying paychecks otherwise owed to Plaintiff and the Collective Members late or not at all.

120.    On information and belief, since approximately May 2023, Defendants have failed to pay any of their employees in any of their Arizona Boston Market restaurant locations any wages whatsoever for time worked in a given workweek.

121.    As a result of such failure, Defendants failed or refused to pay the AMWA-mandated minimum wage.

122.    Such failure by Defendants violated the AMWA, A.R.S. § 23-363.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

123.    Defendant's practice of failing or refusing to pay Plaintiff and the Collective Members at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

124.    Plaintiff and the Collective Members are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jose Tejeda, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's = and the Class Members' favor, and against Defendants for compensation for unpaid minimum wages, plus liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: AWA CLASS MEMBERS – UNPAID WAGES UNPAID OR UNTIMELY PAYCHECKS

125.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

126.    As a result of the allegations contained herein, Defendants did not compensate Plaintiff and the Class Members wages due and owing to them.

127.    Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

128.    Defendants acted unreasonably and in bad faith in failing to pay Plaintiff and the Class Members wages due and owing to them.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

129.    Defendants sought to delay payment without reasonable justification and to defraud Plaintiff and the Class Members of wages earned.

130.    As such, unpaid wages for such time Plaintiff and the Class Members worked are owed to Plaintiff and the Collective Members for the workweeks at issue herein.

131.    Plaintiff and the Class Members are therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of their unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Jose Tejeda, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff and the Class Members' favor, and against Defendants for compensation for unpaid wages, trebled damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 27th Day of July, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*