**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Tejeda,<br><br>    Plaintiff,<br><br>v.<br><br>Boston Market Corporation, *et al.*,<br><br>    Defendants. | No. CV-23-01497-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's and Opt-In Plaintiffs' Motion for Entry of Default Judgment against Defendants (Doc. 18, "Mot."). Defendants did not file a response. For the reasons set forth below, the Court finds that default judgment against Defendants is warranted in part.

**I.    BACKGROUND**

Plaintiff Jose Tejeda filed a Complaint (Doc. 1, "Compl.") individually and on behalf of all similarly situated individuals against his former employers, Defendants Boston Market Corporation ("Boston Market"), Jignesh Pandya, and Mital Pandya ("the Pandyas"). The Complaint alleges class-action claims under the Arizona Minimum Wage Act, A.R.S. § 23-363 ("AMWA"), and the Arizona Wage Act, A.R.S. § 23-350 ("AWA"). Plaintiff also alleges collective-action claims under the Fair Labor Standards Act, 29 U.S.C. §§ 206(a), 207 ("FLSA"). (Compl.) In his AMWA and AWA claims, Plaintiff alleges a putative class of over one hundred individuals who worked for Boston Market in Arizona and did not receive the proper compensation over a period of weeks in 2023. (Compl. ¶¶ 92–93.) As for

the FLSA collective action, six other former Boston Market employees filed notice of consent to join: Carson Hagenson, Christian Heintzelman, Cesar Velasco Lopez, Josefina Medina, Casey Neal, and Yolanda Perez ("Opt-In Plaintiffs").1 (Doc. 8.)

Plaintiff served process on Boston Market on July 31, 2023 (Doc. 7) and on the Pandyas on September 16, 2023 (Docs. 9, 10). Defendants failed to answer or otherwise respond, and the Clerk of Court entered their default on October 18, 2023. (Doc. 12.) Plaintiff then filed the present motion for default judgment on November 14, 2023. (Mot.) Defendants have not responded thereto.

## II.     DEFAULT JUDGMENT

After the Clerk of Court enters default, the Court may enter default judgment pursuant to Rule 55(b). The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

As an initial matter, the Court must address Plaintiff's AMWA and AWA claims, which he brings as class actions under Federal Rule of Civil Procedure 23. Rule 23(a) provides that a class action may proceed only if four prerequisites are met: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). The prerequisites provided under Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003). Accordingly, courts have held that "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974).

Here, the putative class cannot prevail via default judgment because the Court has yet to certify the class. Nor will the Court entertain the possibility of certifying the class at this point because Plaintiff has not satisfied the first prerequisite. Although there is no

---

1      The Court refers to Plaintiff and Opt-In Plaintiffs collectively as Plaintiffs.

precise number required to meet the numerosity requirement, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Despite Plaintiff's allegation that the class consists of over one hundred individuals, Plaintiff only provides detailed allegations as to seven of them at this time, which is insufficient to satisfy the numerosity requirement. The Court will therefore deny Plaintiff's motion as to the class-action AMWA and AWA claims. However, Plaintiff Tejeda also brings AMWA and AWA claims as an individual. Therefore, he may recover damages if default judgment is warranted as to his individual claims.

In deciding whether default judgment is warranted, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the complaint and the default judgment motion, the Court finds that the *Eitel* factors weigh in favor of default judgment as to the FLSA collective action and Plaintiff Tejeda's individual claims, and damages in the total amount of $37,125.00 are warranted.

### A.     The Possibility of Prejudice to the Plaintiff

The first *Eitel* factor weighs in favor of default judgment. Boston Market and the Pandyas failed to respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment and supporting documentation. The Court is satisfied that if the motion is not granted, Plaintiffs "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This prejudice to Plaintiffs supports the entry of default judgment.

### B.   Merits of the Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). Plaintiff brings state-law claims under the AMWA and the AWA and collective-action claims under the FLSA.

#### 1.   The State-Law Claims

The AWA requires employers to pay their employees regularly, and the AMWA provides the minimum wage in Arizona. A.R.S. §§ 23-351, 23-363. Plaintiff alleges that since May 2023, Defendants failed to pay him at all while he worked for Boston Market. (Compl. ¶ 76.) Accepting this allegation as true, Plaintiff has shown that Defendants violated the AMWA and the AWA.

#### 2.   The FLSA Collective Action

The FLSA provides a mechanism—the "collective action"—through which workers can sue jointly for violations of its overtime compensation and other provisions. *See* 29 U.S.C. § 216(b). The collective action allows a representative plaintiff to bring suit on behalf of a group of workers who are "similarly situated." *See id.* The decision to certify a collective action under the FLSA is within the discretion of the Court. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). To certify a collective action under the FLSA, the Court must determine whether the named plaintiff and potential opt-in members are "similarly situated." 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated," and the Ninth Circuit Court of Appeals has not construed the term. *Colson*, 687 F. Supp. 2d at 925.

The majority of courts, including this one, have adopted a two-tiered approach to collective-action certification. *Id.* First, and at issue here, is the "notice stage," during which courts determine based on pleadings and affidavits whether a collective action should be certified on a conditional basis. *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d

1067, 1082 (C.D. Cal. 2002); *see also Baughman v. Roadrunner Commc'ns LLC*, No. CV 12-565-PHX-SRB, 2012 WL 12937133 at *3 (D. Ariz. Sept. 27, 2012).

Conditional certification at this first stage requires the plaintiff to make "substantial allegations that the putative class members [are] subject to a single illegal policy, plan, or decision." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Because of the minimal evidence available to the Court at the pleading stage, the initial determination to certify is "based on a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Wynn*, 234 F. Supp. 2d at 1082. The evidence must only show that there is some "factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." *Colson*, 687 F. Supp. 2d at 926. Although the plaintiff's burden is light, conditional certification at this first stage is not automatic. *Id.* at 925.

At the second stage, after discovery and often precipitated by a motion for decertification by the defendant, the court reevaluates whether the claimants who have consented to sue are indeed "similarly situated." *Wynn*, 234 F. Supp. 2d at 1082. This analysis, which is based on much more information, is subject to a stricter standard. *Id.*

Plaintiff argues that collective adjudication is appropriate because Opt-In Plaintiffs were all employed in similar positions, performed similar work, and were similarly not compensated for several workweeks. (Compl. ¶ 90; Mot. at 6–11.) Plaintiff worked for Boston Market as an assistant manager, and Opt-In Plaintiffs worked for Boston Market as cashiers, managers, cooks, dishwashers, shift supervisors, and master backups. (Compl. ¶¶ 29, 33; Mot. at 6–11.) Plaintiff alleges that since May 2023, Defendants have failed to pay any of their employees at Boston Market locations in Arizona. (Compl. ¶ 75.) Accordingly, the Court concludes that Plaintiff has demonstrated a sufficient "factual nexus" to show that collective-action certification under the FLSA is warranted for the purposes of this motion for default judgment. The Court thus turns to the merits of the FLSA claims.

Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA requires employers to pay non-exempt workers a minimum wage for any time spent working during the workweek. 29 U.S.C. § 206(a). Also among the FLSA's central provisions is its requirement that employers pay non-exempted workers at one and a half times the regular rate for any time worked in excess of forty hours in a single week. 29 U.S.C. § 207; *see Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016).

As mentioned, Plaintiff alleges that Defendants failed to pay their employees for several workweeks. (Compl. ¶¶ 73–80.) Because the well-pled factual allegations of the complaint are deemed true upon default, *see Geddes*, 559 F.2d at 560, Plaintiff has shown that Defendants violated the FLSA. The second and third factors favor default judgment.

### C. The Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks $66,667.50 in total, but because the Court will not grant Plaintiff's motion as to the class-action claims, the amount is reduced to $37,125.00, as explained in further detail below. The requested damages are set by statute, and Defendants' violation of state and federal labor law is serious enough to justify a default judgment in this amount. *See Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *5 (D. Ariz. Dec. 2, 2019).

### D. Possible Dispute Concerning Material Facts

In light of the sufficiency of the complaint and Defendants' default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177. This factor weighs in favor of default judgment.

### E. Whether Default Was Due to Excusable Neglect

Plaintiff properly served Defendants with the summons and complaint. (Docs. 7, 9, 10.) It therefore is unlikely that Defendants' failure to answer and the resulting default were due to excusable neglect. *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008

WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This *Eitel* factor also weighs in favor of default judgment.

### F. The Policy Favoring a Decision on the Merits

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Although the final factor weighs against entry of default judgment, the Court is also compelled to deem the well-pled factual allegations against Defendants as true upon default, *see Geddes*, 559 F.2d at 560. The Court therefore is not precluded by this factor from entering default judgment against Defendants. *See PepsiCo*, 238 F. Supp. 2d at 1177; *Gemmel*, 2008 WL 65604, at *5.

### G. Conclusion

Six of the seven *Eitel* factors weigh in favor of default judgment, and only one factor weighs against it. Considering all the factors together, the Court concludes that default judgment against Defendants is appropriate as to the FLSA claims and the claims brought by Plaintiff Tejeda individually.

## III. DAMAGES

"A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997). Here, Plaintiffs seek statutory damages and provide sworn affidavits stating their hours of unpaid work. (Exs. A–G to Mot.)

### A. Plaintiff Tejeda's Damages

Plaintiff Tejeda claims damages under the AWA, the AMWA, and the FLSA, including the FLSA's overtime provision. The AWA provides that if an employer fails to pay wages to an employee, the employee may recover against the employer "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). Under the AMWA, an employer who fails to pay an employee the state minimum wage is required to pay those wages "and an additional

amount equal to twice the underpaid wages." A.R.S. § 23-364. And under the FLSA, an employee may recover double damages for unpaid time. 29 U.S.C. § 216(b).

Plaintiff states in his declaration that over the course of six workweeks, he worked 312 unpaid hours at a wage rate of $20 per hour. (Ex. A to Mot.) His unpaid damages are therefore $6,240, and once trebled under the AWA, they rise to $18,720. Although this total engulfs Plaintiff's other unpaid damages, the Court must still calculate Plaintiff's AMWA damages[2] because Plaintiff concedes that the Pandyas are not liable for AWA damages. (Mot. at 14.) At a state minimum wage of $13.85 per hour,[3] Plaintiff's AMWA damages are $4,321.20, and once trebled under the AMWA, they rise to $12,963.60. Plaintiff was also owed an extra $10 per hour under the FLSA's overtime provisions for the 72 hours of overtime that he worked during that period. His unpaid overtime damages are therefore $720, and once doubled under the FLSA, they rise to $1,440.

Thus, adding the AWA damages to the FLSA overtime damages, Plaintiff Tejeda's cumulative damages total $20,160. The Pandyas, however, are only liable for $14,403.60 of that total, based on the AMWA damages and the FLSA overtime damages.

### B.     Opt-In Plaintiff's Damages

Pursuant to this Order, Opt-In Plaintiffs may recover on default judgment only under the FLSA. Plaintiffs Heintzelman, Hagenson, and Lopez stated that they each worked 180 unpaid hours. (Exs. B, C, D.) At a federal minimum wage of $7.25 per hour, their unpaid damages are $1,305 each, and once doubled under the FLSA, they rise to $2,610 each. Plaintiffs Medina, Neal, and Perez each stated that they worked 210 unpaid hours. (Exs. E, F, G.) Their unpaid damages are therefore $1,522.50 each, and once doubled under the FLSA, they rise to $3,045 each.

## IV.    ATTORNEY'S FEES

Plaintiff argues that he is entitled to attorney's fees under 29 U.S.C. § 216(b), which requires the court to "allow a reasonable attorney's fee to be paid by the defendant, and

---

[2]     Plaintiff's AMWA damages engulf his remaining damages.

[3]     *See* Indus. Comm'n of Ariz., https://www.azica.gov/divisions/labor-department (last visited Dec. 13, 2023) ("2023 Minimum Wage - $13.85 per hour").

costs of the action." The Court agrees, and Plaintiff shall have 21 days from the date of this Order to file his application demonstrating entitlement to and reasonableness of his fees under Local Rule of Civil Procedure 54.2.

**IT IS HEREBY ORDERED** granting in part and denying in part Plaintiff's and Opt-In Plaintiffs' Motion for Entry of Default Judgment against Defendants (Doc. 18).

**IT IS FURTHER ORDERED** that Plaintiff Tejeda will be entitled to default judgment in the amount of $20,160, for which Defendant Boston Market Corporation shall be fully liable, and of that $20,160, Defendants Boston Market Corporation, Jignesh Pandya, and Mital Pandya shall be liable for $14,403.60, jointly and severally.

**IT IS FURTHER ORDERED** that Opt-In Plaintiffs Heintzelman, Hagenson, and Lopez shall each be entitled to default judgment in the amount of $2,610, for which Defendants Boston Market Corporation, Jignesh Pandya, and Mital Pandya shall be liable, jointly and severally.

**IT IS FURTHER ORDERED** that Opt-In Plaintiffs Medina, Neal, and Perez shall each be entitled to default judgment in the amount of $3,045, for which Defendants Boston Market Corporation, Jignesh Pandya, and Mital Pandya shall be liable, jointly and severally.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 54(b), the Court determines there is no just reason for delay of entry of partial final judgment. Accordingly, the Clerk shall enter Default Judgment as stated above.

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Order to file his fee application in compliance with LRCiv 54.2.

Dated this 19th day of December, 2023.

Honorable John J. Tuchi
United States District Judge